**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Nodirakhon Akhmatkulova,

Petitioner,

v.

Christopher Howard,

Respondent.

No. CV-26-02192-PHX-KML (MTM)

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging her immigration detention. On April 1, 2026, the court directed counsel to serve the petition on respondent and directed respondent to respond to the petition within 20 days of the date of service. (Doc. 4.) On May 15, 2026, petitioner filed a certificate of service reflecting attempted service on April 23, 2026. (Doc. 5.) But the certificate of service reflects the petition was sent only to Warden Howard. Rule 4(i)(2) also requires service of the petition on the United States, which under Federal Rule of Civil Procedure 4(i)(1)(A)-(B) requires it be sent by certified or registered mail to this district's United States Attorney's Office and the Attorney General. The court therefore directed petitioner to again serve the petition. (Doc. 6.) On July 22, 2026, petitioner filed additional certificates of service but again failed to serve the Attorney General of the United States. (Doc. 8.) The court therefore directed petitioner to again serve the petition. (Doc. 6.)

On July 22, 2026, petitioner filed additional certificates of service but again failed to serve the Attorney General of the United States. (Doc. 8.) Almost two months after filing

the insufficient proofs of service, petitioner's counsel filed a "Notice of Respondents' Non-Opposition" that requests the court grant the petition based on respondents' alleged "failure to oppose the petition." (Doc. 9 at 2.) That document included proofs of service on the United States Attorney's Office and the Warden, but also stated petitioner would "supplement or cure if separate service on the Attorney General is deemed required under Rule 4(i)." (Doc. 9 at 2.) Service on the Attorney General pursuant to Rule 4(i) is not discretionary as petitioner appears to believe. *See Silbaugh v. Chao*, 942 F.3d 911, 915 (9th Cir. 2019). And suggesting respondents have failed to respond to the petition when petitioner has never properly served it is inappropriate. Solely to prevent additional delay, the court will not require additional attempts by counsel to complete proper service.

Pursuant to general order 26-09, the court will direct the clerk's office to electronically serve the petition on respondent. Respondent will be required to respond to the petition pursuant to the standard scheduling order in General Order 26-09.

**IT IS THEREFORE ORDERED** the clerk of court must serve the petition on respondent pursuant to general order 26-09.

**IT IS FURTHER ORDERED** respondent must respond to the petition as directed in the standard scheduling order in general order 26-09.

/
/
/
/
/
/
/
/
/
/
/

**IT IS FURTHER ORDERED** the clerk of court must immediately transmit by email a copy of this order to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at theo.nickerson2@usdoj.gov, Dina Anagnopoulos at dina.anagnopoulos@usdoj.gov, and Mary Finlon at mary.finlon@usdoj.gov.

Dated this 18th day of September, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**