# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Nodirakhon Akhmatkulova,

Petitioner,

v.

Eric Rokosky,

Respondent.

No. CV-26-06456-PHX-KML
CV-26-02192-PHX-KML

**ORDER**

Petitioner Nodirakhon Akhmatkulova filed a pro se petition for a writ of habeas corpus challenging her immigration detention in September 2026. (Doc. 1.) She previously filed a counseled petition for habeas corpus which remains pending after her lawyer repeatedly failed to correctly serve it. *See Akhmatkulova v. Howard*, No. CV-26-02192-PHX-KML (MTM), Doc. 10 (D. Ariz. Sept. 18, 2026). In this pro se petition, Akhmatkulova challenges her immigration detention—which has now lasted nearly 23 months—as unconstitutionally prolonged. (Doc. 1 at 4-5.) The same day respondents answered the petition, the Ninth Circuit issued a published opinion impacting the arguments made in their answer. (Docs. 6, 7 (citing *Padilla v. United States Immigr. & Customs Enf't*, --- F.4th ----, 2026 WL 2822044, at *11, *19 (9th Cir. Sept. 21, 2026)).) The court called *Padilla* to respondents' attention and ordered supplemental briefing. (Doc. 7.)

Respondents timely filed a supplemental response that apparently intentionally chose not to address *Padilla*'s binding authority. (Doc. 8 at 1.) Bafflingly, the supplemental

briefing response also appears less tailored than the original to the arguments Akhmatkulova's petition actually made. (*E.g.* Doc. 8 at 2 (referring to Akhmatkulova using male pronouns and describing a claim that "civil immigration detention automatically constitute[s] a due process violation after it pierce[s] the six-month mark").) Because respondents have waived their argument that petitioners in Akhmatkulova's position have no due process right to a bond hearing and *Padilla* suggests they do, the pro se petition is granted.

Respondents' original answer cited *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020), in arguing "Section 1225(b)(1)'s mandatory detention does not violate the Due Process Clause." (Doc. 6 at 3.) As the court's supplemental briefing order pointed out, *Padilla* held that *Thuraissigiam* allows aliens detained under 8 U.S.C. § 1225(b)(1)(B)(ii)—as respondents concede Akhmatkulova is (Docs. 6 at 2; 8 at 2)—to pursue due process challenges and interpreted *Thuraissigiam* to be "an admission, not a detention, case." 2026 WL 2822044, at *11, *19. Based on a historical analysis, *Padilla* further described the "freedom from arbitrary imprisonment" as occupying "a central place" in our constitutional order which is constrained by "the widespread availability of bail as well as judicial review of the legality of confinement," with "noncitizens and citizens alike [being] able to use these mechanisms to obtain release from detention." *Id.* at *18.

Respondents' supplemental briefing failed to address these aspects of *Padilla*'s holding, which undermined the premise underlying their original opposition to a bond hearing and which bind this court. The supplemental briefing does concede the correct remedy is a bond hearing if the court finds Akhmatkulova's detention to be prolonged. (Doc. 8 at 5.) For both reasons, respondents have waived their opposition to a bond hearing. *See Altman v. Cnty. of Santa Clara*, No. 21-15602, 2023 WL 33345, at *2 (9th Cir. Jan. 4, 2023) (failure to raise an argument in supplemental briefing may constitute a waiver)); *Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (party who previously made claim but fails to respond to argument undermining it has "effectively

abandoned" it and "cannot raise it on appeal").

The only remaining question is which party should bear the burden of proof at that bond hearing. Respondents' supplemental briefing argues it should be Akhmatkulova because the Supreme Court has never ordered the burden shifted. (Doc. 8 at 5.) But the Ninth Circuit has ordered the burden shifted in prolonged detention cases, *see Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and respondents' argument for disregarding *Singh* is unpersuasive. (*See* Doc. 8 at 6 ("While some courts have elected to use the Ninth Circuit's decision in *Singh*[,] this decision should not be afforded more weight than the applicable Supreme Court caselaw cited in the previous paragraph.").) Ninth Circuit authority such as *Singh* binds this court unless the Supreme Court has overturned or undermined it, and the Supreme Court's failure to itself shift the burden does not undercut *Singh*'s logic. *See Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1211-12 (9th Cir. 2022), the one post-*Singh* burden-related Ninth Circuit case respondents cited (Doc. 8 at 6-7), made clear it was addressing the appropriateness of shifting the burden based on the facts and procedural posture of that petitioner's detention and not more generally. Respondents have not provided case-specific facts or arguments that would make shifting the burden inappropriate for a petitioner like Akhmatkulova who has been detained for nearly two years without a bond hearing. *See also Martinez v. Clark*, 124 F.4th 775, 785-86 (9th Cir. 2024) (citing *Singh* in implicitly recognizing the burden is appropriately shifted in some circumstances).

Accordingly, Akhmatkulova's pro se petition is granted to the extent it requests a bond hearing. Within **seven days of the date this order is docketed**, respondents must provide Akhmatkulova a bond hearing before a neutral adjudicator at which the government must bear the burden of showing that Akhmatkulova should not be released on bond because she is a flight risk or a danger to the community pursuant to the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), or release her from custody.

Accordingly, **IT IS ORDERED**:

(1) Akhmatkulova's pro se petition in No. CV-26-06456-PHX-KML, is **granted** to the extent respondents must provide her with a bond hearing. Within **seven days of the date this order is docketed,** respondents must provide petitioner a bond hearing before a neutral adjudicator at which the government must bear the burden of showing that Akhmatkulova should not be released on bond because she is a flight risk or a danger to the community pursuant to the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), or release her from custody.

(2) Respondents must provide a notice of compliance within three days of releasing petitioner or providing her a bond hearing. **That notice must include the result of the bond hearing.**

(3) All pending motions in No. CV-26-06456-PHX-KML are **denied as moot**. The Clerk of Court shall enter judgment in favor of petitioner in No. CV-26-06456-PHX-KML and close the case.

(4) This order renders Akhmatkulova's petition in No. CV-26-02192-KML-MTM (Doc. 1) moot. Accordingly, in No. CV-26-02192-PHX-KML (MTM) the reference to Magistrate Judge Morrissey is **withdrawn.** All pending motions and the petition for writ of habeas corpus in No. CV-26-02192-PHX-KML(MTM) (Doc. 1) are **denied as moot** and the Clerk of Court shall close that case.

(5) The Clerk of Court shall docket this order in No. CV-26-06456-PHX-KML and No. CV-2602192-PHX-KML (MTM).

Dated this 8th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**